# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SD COASTLINE LP, <br><br> Plaintiff, <br><br> vs. <br><br><br> ROBYN JEAN BUCK, et al., <br><br> Defendants. | CASE NO. 10CV2108 MMA (NLS) <br><br> **ORDER:** <br><br> **(1) GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT**; <br><br> [Doc. No. 2] <br><br> **(2) DENYING AS MOOT PLAINTIFF'S MOTION TO SHORTEN TIME;** <br><br> [Doc. No. 3] <br><br> **(3) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS** <br><br> [Doc. No. 10] |

## INTRODUCTION

On September 21, 2010, Plaintiff SD Coastline LP filed a Complaint for unlawful detainer against Defendants Robyn Jean Buck ("Defendant") and other unascertained defendants in the Superior Court of California, San Diego County.[1] Plaintiff's Complaint states it purchased the subject

---

[1] Defendant Buck filed an action against SD Coastline LLP that is currently pending in this Court. *See Buck v. SD Coastline LLP*, Case No.10cv2107. Both cases are assigned to the same district judge pursuant to the Civil Local Rule 40.1.d; the cases are not consolidated.

property, 1769 Vale Terra Dr., Vista, CA 92084, and that Defendant, a tenant of the former owner of the property, failed to vacate the property after receiving a written 90 day notice to vacate.

On October 8, 2010, Defendant, proceeding *pro se*, filed a Notice of Removal to this Court. In her Notice of Removal, Defendant argues the Court has federal question subject matter jurisdiction. [Doc. No. 1.] Plaintiff filed a Motion to Remand and a Motion to Shorten Time for hearing on the Motion to Remand. [Doc. Nos. 2, 3.] The Court ordered Defendant to show cause why the case should not be remanded to state court. [Doc. No. 4.] Defendant responded to the Court's order to show cause, and also filed a Motion to Dismiss. [Doc. Nos. 8, 10.] For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion to Remand, **DENIES** as moot Plaintiff's Motion to Shorten Time for hearing, and **DENIES** as moot Defendant's Motion to Dismiss.

## LEGAL STANDARD

An action filed in state court may be removed to federal court only if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). The party seeking removal has the burden of establishing federal jurisdiction, and "the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). If the Court, after a review of the notice of removal, finds that "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## DISCUSSION

Defendant argues removal is proper because even though Plaintiff pled a state law claim for unlawful detainer, Defendant interprets Plaintiff's Complaint as stating a federal claim under the new Protecting Tenants at Foreclosure Act of 2009 ("PTFA"). [Doc. No. 8.] The Court disagrees with Defendant.

The PTFA is a relatively recent federal statute that provides certain protections to tenants who reside in properties subject to foreclosure. Such protections include the right to continue living on the foreclosed property premises for the duration of their lease and the right to receive a 90 day notice to

vacate. The PTFA states, in pertinent part:

>(a) IN GENERAL.-In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to-
>
>(1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and
>
>(2) the rights of any bona fide tenant, as of the date of such notice of foreclosure-
>
>(A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease, except that a successor in interest may terminate a lease effective on the date of sale of the unit to a purchaser who will occupy the unit as a primary residence, subject to the receipt by the tenant of the 90 day notice under paragraph (1), or
>
>(B) without a lease or with a lease terminable at will under state law, subject to the receipt by the tenant of the 90 day notice under subsection (1),
>
>>except that nothing under this section shall affect the requirements for termination of any Federal- or State-subsidized tenancy or of any State or local law that provides longer time periods or other additional protections for tenants.

Pub.L. No. 111-22, § 702, 123 Stat. 1660 (2009).

**I. Plaintiff Does not Assert a Federal Claim Under the PTFA**

Defendant argues that Plaintiff "expressly invoke[d] its rights under the PTFA" and that Plaintiff attempts to state a cause of action under the PTFA. [Doc. No. 8.] The Court disagrees. Plaintiff's Complaint is devoid of any allegations that purport to assert a PTFA claim. In analyzing a party's claims, a court examines the facts alleged to determine the gravamen of the grievance. The labels attached by the parties are not dispositive. *Rains v. Criterion Sys.*, 80 F.3d 339, 343 (9th Cir. 1996); *Howe v. Bank of America N.A.*, 179 Cal. App. 4th 1443, 1449 (2009); *Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583, 1595-96 (2008).

Here, the gravamen of Plaintiff's allegations is a state law claim for unlawful detainer. The Complaint is entitled "Complaint for Unlawful Detainer," Plaintiff asserts limited civil jurisdiction, and seeks less than $10,000 in damages. [Doc. No. 1.] Plaintiff's state-based unlawful detainer claim does not, as Defendant urges, become a federal cause of action merely by Plaintiff's reference to a federal statute. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308,

1  314 (2005); *see also Rains*, 80 F.3d at 343 (state law creates the cause of action where plaintiff's
2  complaint contained claim for wrongful termination in violation of public policy and merely
3  referenced Title VII). Simply, Defendant's argument that Plaintiff has stated a federal claim upon
4  which this Court may exercise jurisdiction is without merit. As such, the Court will not address
5  Defendant's additional argument that the PTFA creates a federal cause of action in successors in
6  interest.

7  **II.    Defendant's Claim or Defense Cannot Serve as a Basis for Removal**

8  In an attempt to establish a federal claim, Defendant further contends that Plaintiff must plead
9  and prove it served proper notice under the PTFA. Defendant argues that Plaintiff's notice is defective
10  because the notice was "prematurely served," and thus Plaintiff should ultimately lose on grounds of
11  the purported PTFA claim. [Doc. No. 8.]

12  However, a defendant's claims or defenses that a plaintiff has violated a federal statute cannot
13  serve as a basis for federal question jurisdiction. *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d
14  815, 822 (9th Cir.1985). "[T]he fact that a federal statute has been violated and some person harmed
15  does not automatically give rise to a private cause of action in favor of that person." *Touche Ross &*
16  *Co. v. Redington*, 442 U.S. 560, 568 (1979) (internal citation omitted).

17  Defendant's contention that the "primary defect with the action is that . . . the notice was
18  prematurely served," is in essence a claim or defense that Plaintiff has violated a federal statute. [Doc.
19  No. 8.] It does not transform Plaintiff's state law claims into federal ones. Consequently, Defendant
20  has not adequately supported her assertion that removal is proper on grounds of federal question
21  jurisdiction.

22  <center>**CONCLUSION**</center>

23  For the reasons stated above, the Court finds Defendant has failed to show cause why this
24  case should not be remanded to state court. Accordingly, the Court hereby **GRANTS** Plaintiff's
25  motion to remand this case to state court, and **DENIES** as moot Plaintiff's motion to shorten time
26  for hearing on motion to remand. The Court **DENIES** as moot Defendant's motion to dismiss.
27  / / /
28

1 | The clerk of Court shall transfer the file to the Superior Court of California, County of San Diego.

2 | **IT IS SO ORDERED.**

4 | DATED: November 19, 2010

*(signature)*

Hon. Michael M. Anello
United States District Judge